# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHONDA E. BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>KRC MANAGEMENT, et al.,<br><br>    Defendants. | 1:16-cv-00511-AWI-BAM<br><br>ORDER DISMISSING ACTION AND CLOSING CASE<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2) |

## ORDER

Plaintiff Shonda E. Brown ("Plaintiff"), proceeding pro se, initiated this action on April 11, 2016.  Plaintiff alleges that she is being wrongfully evicted from her housing complex.  (Doc. 1).   Plaintiff also filed an application to proceed in forma pauperis.  (Doc. 2).

## DISCUSSION

### Plaintiff's Allegations

Plaintiff alleges as follows:

April 1st 2016 I was sitting with a few friends in the Circle of the Complex when the Manger/Maintence man approach Me bout having achol when it was in My personal cup saying that was the 2nd time he confronted Me about it which it wasn't it was My first Verbal Warning which I comply.  Was Very Respectful and Said OK.  He did state that He doesn't Want to see the bottle/can that it was in.  Which is fine I Never drink out a bottle or can but a <u>personal cup</u> was okay.  He stated that a few months back the Landlord was with him and I was outside drinking with other tenants and the Landlord said to give us all 90 Day notices to

vacate He thought that was a little Extreme For the curcumstances. He never did mention this to me or anyone else at that matter so I was unaware of what was going on until I received a 90 Day notice on 4/6/16 Dated 4/5/16 to Vacate on 7/5/16 which on the letter Typed up but doesn't not say why to vacate. When I asked (Mike) Micheal Kirby Community Manger he said because of 2 warnings of drinking when he only told Me Once and that was on 4-1-16 which again I had it in a personal cup.

(Doc. 1 at 5-6) (unedited text). Plaintiff names KRC Management and Micheal Kirby as defendants.

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). To proceed in federal court, Plaintiffs complaint must establish the existence of subject matter jurisdiction. See id. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. See id. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. Wong v. Beebe, 732 F.3d 1030, 1035-36 (9t h Cir. 2013). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added); see also Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1085 (9th Cir. 2014).

**1. Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Here, Plaintiff has not shown that the parties are completely diverse. The complaint indicates that both Plaintiff and Defendant Michael Kirby are citizens of California. (Doc. 1 at 2). If the parties are California citizens, this destroys the requisite "complete diversity." See Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 722 (9th Cir. 2008). Plaintiff also has not

shown that the matter in controversy exceeds the sum or value of $75,000. Liberally construed, Plaintiff is requesting injunctive relief to prevent her eviction.

Plaintiff has failed to establish subject matter jurisdiction based on diversity. Given the lack of diverse citizenship and the absence of an amount in controversy, it is clear that Plaintiff cannot amend her complaint to sufficiently plead diversity jurisdiction.

**2. Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Here, Plaintiff's action is for an allegedly wrongful eviction, which is a matter of landlord-tenant law. Landlord-tenant disputes are matters of state law and cannot be the basis for federal question jurisdiction.[1] See Round Valley Indian Hous. Auth. v. Hunter, 907 F.Supp. 1343, 1348 (N.D. Cal. 1995).

Plaintiff has failed to establish subject matter jurisdiction based on the presence of a federal question. Given the state law basis of her action, it is evident that Plaintiff cannot amend her complaint to sufficiently plead federal question jurisdiction.

---

[1] Plaintiff's complaint may also be attempting to allege a breach of contract. However, a breach of contract claim would arise under state law, and would provide no basis for federal question jurisdiction. See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang, 376 F.3d 831, 840 (9th Cir. 2004).

**Request to Proceed without Payment of Fees**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). As this is not a case over which the district court has subject matter jurisdiction, Plaintiff's application to proceed in forma pauperis will be denied.

## CONCLUSION AND ORDER

Having reviewed Plaintiff's complaint, the Court concludes that this action must be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Because the deficiencies in Plaintiff's complaint are incurable, leave to amend would be futile and will be denied. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's application to proceed in forma pauperis is DENIED;
2. This action is DISMISSED WITHOUT LEAVE TO AMEND for lack of subject matter jurisdiction; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   April 15, 2016                                        /s/ signature
                                                           SENIOR DISTRICT JUDGE